**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-11196
(Summary Calendar)

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID HENRY CAFFEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:95-CR-117-Y(1)

_____

October 28, 1996

Before DAVIS, EMILIO M. GARZA, STEWART, Circuit Judges.

PER CURIAM:[*]

David Henry Caffey appeals his convictions for attempt to possess with intent to distribute

marijuana and conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C.

§§ 841(a)(1) & 846. Caffey contends that the evidence was insufficient to support either

conviction. Caffey also contends that the district court committed reversible error by failing to

_____

   [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

order a psychiatric examination of Caffey to determine his competency to stand trial, or in the alternative, to conduct a hearing to determine Caffey's competence and that the district court committed reversible error by sustaining the Government's objection to Caffey's cross-examination of Donald McCommons regarding McCommons' pending state felony indictment for theft.

We have reviewed the record and briefs and hold that no reversible error was committed. The evidence was sufficient for a reasonable jury to find Caffey guilty beyond a reasonable doubt on both offenses. See United States v. Resio-Trejo, 45 F.3d 907, 911 (5th Cir. 1995). Caffey's trial counsel's memorandum and argument were insufficient to raise a "bona fide doubt" as to Caffey's competence. Accordingly, the district court did not abuse its discretion by failing to order a psychiatric examination, or by failing to conduct a competency hearing. See United States v. Davis, 61 F.3d 291, 304 (5th Cir. 1995). Because Caffey offered no evidence nor alleged that the government could influence the disposition of the state court proceedings against McCommons, the trial court did not violate Caffey's constitutional rights by limiting his cross-examination of McCommons regarding an alleged pending state indictment. See United States v. Thorn, 917 F.2d 170, 175-76 (5th Cir. 1990).

AFFIRMED.